RECEIVED
IN ALEXANDRIA, LA

SEP 14 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

RO'SEAN DENARD NEWSON

VS.

WARDEN JEFFREY TRAVIS

CIVIL ACTION NO. 07-1382

SECTION P

JUDGE DRELL

MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Before the court is a *pro se* petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about June 27, 2007 by Louisiana inmate Ro'sean Denard Newson.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Rayburn Correctional Center, Angie, Louisiana.  He attacks his February 2005 conviction for obscenity in the Eighth Judicial District Court, Winn Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### Statement of the Case

On December 18, 2003 petitioner was convicted of some unspecified felony offense in the First Judicial District Court, Caddo Parish, Louisiana. As a result he was sentenced to serve 15 years at hard labor. [doc. 1-1, paragraph 17] He was committed to

the custody of the Louisiana Department of Public Safety and Corrections and incarcerated at the Winn Corrections Center (WCC), Winnfield, Louisiana.

On December 21, 2004, WCC Warden Tim Wilkinson corresponded with the District Attorney of the Eighth Judicial District and requested that formal charges be filed against the petitioner for sex offenses committed during his incarceration at WCC. [doc. 1-3, Exhibit H, p. 25] Petitioner was thereafter charged with three counts of obscenity. [doc. 1-3, Exhibit A p. 8]

On February 17, 2005, petitioner waived his right to counsel and entered into a plea agreement whereby he pled guilty to one count of obscenity.  In return for his plea, two counts of obscenity were dismissed and petitioner was sentenced to a previously agreed upon sentence of one-year at hard labor and a fine of $1,000. [doc. 1-3, Exhibit I, pp. 29-45][1]

Petitioner did not appeal his conviction and sentence. [doc. 1-1, Paragraph 8]

On February 10, 2006 petitioner filed a *pro se* Application for Post-Conviction Relief in the Eighth Judicial District Court. Therein petitioner raised the following claims for relief:

> (1)"It was never stipulated that I had a suspension of sentence without benefit of parole/probation or denial

---

[1] The court articulated the plea agreement as follows: "If the State proceeds to dismiss two counts and leave you with one count, this Court will sentence you to one year, and the minimum fine which is One Thousand Dollars." [doc. 1-3, Exhibit I, p. 32]

2

of credit for time served."

In support of this claim petitioner argued, "In the transcripts, it states one (1) year DOC and a thousand dollar fine. Also on the sentencing paper, I was never given credit for time served on the charge. It just says hard labor without any stipulations." [doc. 1-3, Exhibit A, pp. 4-5];

(2) "No evidence was presented to the court also nothing was read."

In support of this claim petitioner alleged, "It was never an evidentiary hearing on my behalf also the prison never provided an U.O.R. just a disciplinary report that was never read into the record. Also on the prisoner disciplinary report my plea was not guilty. I was never taken to the prison's infirmary to obtain a D.N.A. or get a semen sample to verify that this charge of obscenity had ever occurred." [*Id.*, p. 5];

(3) "I did not waive my constitutional rights."

In support of this claim petitioner alleged, "I never signed a waiver of rights form to give up my rights. My initials nor my signature is on a guilty plea form. A guilty plea form was never brought up in the Court, so therefore I never gave up none of my rights. The State never presented a guilty plea form to me." [Id.];

(4) "Double jeopardy."

In support of this claim petitioner alleged, "I got the disciplinary report on October 29, 2004, and went before the disciplinary board November 2, 2004, where I was sentenced to forfeit 180 days of good time and 30 days cell confinement on a Rule 21 (aggravated sex offense) and that was the disposition on that disciplinary report. Then I got convicted on February 17, 2005, of obscenity and I had already been sentenced in the prison on this same charge. So I was punished for this same charge on two different occasions when on November 2, 2004 the disposition was finalized. Therefore, this is strictly double jeopardy." [Id.];

(5) "The crime of obscenity under LSA R.S.14:106 plainly states that this offense must occur in a public place or public viewing."

In support of his final claim petitioner alleged, "The disciplinary report plainly states that I was in my cell on A-1 tier in Cell 3. So that description alone indicates that I was never in a public place. That reference location is my housing assignment where I'm due to a semblance of privacy." [Id., p. 6]

On March 1, 2006 the District Court denied relief. [doc. 1-3, Exhibit C, p. 12]

On March 28, 2006 petitioner filed a *pro se* application for supervisory writs in the Second Circuit Court of Appeals. [doc. 1-3, Exhibit C, pp. 11-16]

On April 27, 2006 the Second Circuit denied writs and mailed notice of judgment to the petitioner.  In denying relief the court noted,

The applicant's sentencing claims do not provide grounds for post-conviction relief, especially since the applicant has now served all of his sentence. La. C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.

The applicant's claims relating to the lack of a hearing or scientific testing during his prison disciplinary claim does not state a ground which will support a claim for post-conviction relief. The applicant indicates there never was a guilty plea rights waiver form with his signature or initials. This claim is conclusory and meritless on the showing made. Prison disciplinary proceedings prior to court proceedings do not implicate double jeopardy protections. State v. Duncan, 1998-1730 (La. App. 1st Cir. 6/25/99), 738 So.2d 706, citing State v. Green, 301 So.2d 590, 591 (La. 1974) and State v. Coney, 258 La. 369, 379, 246 So.2d 793, 796 (La. 1971).

The applicant argues that a jail is not a public place or subject to public view. The statute prohibiting obscene behavior has applied to jails and prisons since Acts 2001, No. 177, §1, in paragraph (A)(1), inserted

4

'... or in any prison or jail.' Additionally, this applicant pled guilty and has waived the right to (1) contest the facts of the offense or (2) quash the information or indictment against him.

The trial court did not err in denying post-conviction relief, and the writ is denied. <u>State of Louisiana v. Rosean Newson</u>, No. 41347-KH (La. App. 2 Cir. 4/27/2006)(unpublished) [doc. 1-3, Exhibit D, pp. 17-18]

On August 10, 2006 petitioner mailed an application for supervisory or remedial writs to the Louisiana Supreme Court. [doc. 1-3, Exhibit F, p. 26] Petitioner's pleading was signed and dated May 29, 2006. [doc. 1-3, Exhibit E, p. 19] Petitioner argued claims more or less identical to those raised in his application for post-conviction relief.[2] [doc. 1-3, Exhibit E,

---

[2] Petitioner argued, "Appellant was never given an evidentiary hearing to prove that this crime of obscenity ever occurred. There was never prison unusual occurrence report (UOR) stating that anything had happened that day.

In addition, to prove the crime of obscenity I should have been subjected to a D.N.A. to attain a semen sample to ascertain what really happened... The obscenity statute (R.S.14:106) states ... that obscenity occurs in a public place... In addition, the statute states that obscenity can occur in the setting of prisons and jails; however, it specifies that the act must occur in a place that is open to the public. Appellant contends that he was 'lockdown' in a cell within the Institution's Administration Segregation tier...

Within this setting, the Appellant's action are insulated from other inmates ... Appellant avers that he is due a certain level of privacy ... Therefore, in light of Appellant's segregated condition, he asserts his innocence because he never exposed his genitals to anyone in a public place...

In respect to Article 930.3, relief should be granted because the court exceeded its jurisdiction by [convicting] the appellant on the charge of obscenity and thus violated his constitutional rights. Appellant asserts that he never signed a waiver of right form and neither his initials nor his signature exists on any guilty plea forms because none was ever presented to him...

Appellant avers that his claim of double jeopardy is valid... It is the appellant's assertion that although a prison disciplinary proceeding is a quasi-judicial proceeding, nevertheless, ... the Disciplinary Rules and Procedures for Adult Inmates rule book outlines several constitutional

pp. 19-24]

On June 1, 2007 the Supreme Court denied relief citing State v. McKinney, 406 So.2d 160, 161 (La. 1981). See State of Louisiana ex rel. Rosean Newson v. State of Louisiana, 2006-2005, 957 So.2d 164. [see also doc. 1-3, Exhibit F, p. 27]

Petitioner filed his *pro se habeas corpus* petition raising four claims for relief: (1) "Burden of Proof", (2) "The trial court exceeded its jurisdiction", (3) "Double Jeopardy", and (4) Constitutionality of the obscenity statute.  In each instance, petitioner provided no factual or legal support for his claims, but instead referred this Court to "the Supreme Court Application for Supervisory or Remedial writs..." [doc. 1-1, p. 5]

---

provisions that are afforded an inmate during these disciplinary proceedings. Like in a recent court ruling, Cassels v. Stalder, 342 F. Supp. 255, the court determined that rule 30K of the Disciplinary Rules and Procedures for Adult Inmates ... violates inmate's constitutional guaranteed right to communicate information...

On November 2, 2004, the prison's disciplinary board imposed a sanction resulting in the appellant losing one hundred eighty (180) days of good time in addition to thirty (30) days of cell confinement for a violation of rule 21, relative to aggravated sex offense ... Nevertheless, the district attorney ... accepted these charges and proceeded to adjudicate the appellant on a jailhouse infraction, and, in doing so, the state violated the appellant's state and Federal Constitutional rights against double jeopardy.

The appellant ... questions the constitutionality of the obscenity statute. Appellant asserts that he did not meet the gravamen necessary to consummate the charge of obscenity because the appellant was not in a public place... Thus the Parish of Winn did not possess any judicial authority to prosecute the appellant for the charge of obscenity...

The appellant asserts that he was never given credit for time served on this charge ... Under Article 880, credit for prior custody, a defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of the sentence." [doc. 1-3, Exhibit E, pp. 19-24]

### *Law and Analysis*

### 1. *Exhaustion of State Court Remedies*

28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u>
(A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or

(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. <u>Castille v. Peoples</u>, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas*

7

petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. <u>Nobles v. Johnson</u>, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must "fairly present" his federal constitutional claim to the <u>highest state court</u>. <u>Skelton v. Whitley</u>, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.* <u>Skelton v. Smith</u>, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); <u>Richardson v. Procunier</u>, 762 F.2d 429, 431 (5th Cir.1985); <u>Carter v. Estelle</u>, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

In order to satisfy the exhaustion requirement, a *habeas corpus* petitioner must have "fairly presented" the substance of his federal *habeas corpus* claims to the state courts. <u>Wilder v. Cockrell</u>, 274 F.3d 255, 259 (5th Cir.2001); <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S.Ct. 1347, 1349 (2004). Here, other than petitioner's vague and fleeting references to "innocence" [doc.

8

1-3, Exhibit E, paragraph 2], "jurisdiction" [*id.*, paragraph 3],
"constitutional rights" [*id.*, paragraphs 3 and 4], "double
jeopardy" [*id.*, paragraph 5], and "constitutionality" [*id.*,
paragraph 6], petitioner argued no violations of federal law to
the Louisiana Supreme Court. Such fleeting and ambiguous
references to the federal constitution do not sufficiently alert
and afford a state court the opportunity to address an alleged
violation of federal rights. "Moreover, to hold that vague
references to such expansive concepts as due process and fair
trial fairly present, and therefore exhaust, federal claims is to
eviscerate the exhaustion requirement." Wilder, 274 F.3d at 260.

## 2. *Technical Exhaustion and Procedural Default*

Petitioner's claims for relief were not fairly presented to
the Louisiana Supreme Court and therefore remain unexhausted.
With regard to these unexhausted claims, it appears that the
claims, while unexhausted, are "technically" exhausted since it
is unlikely that petitioner could return to the Louisiana courts
to re-litigate the claims. These "technically" exhausted claims
should be considered procedurally defaulted. The procedural
default doctrine also bars federal *habeas corpus* review if the
state courts would <u>now</u> refuse to address a *habeas* petitioner's
unexhausted federal claims because litigation of those claims
would be barred by state procedural rules. Louisiana Supreme
Court Rule X, §5(a) (which provides for a limitations period for

9

filing writs seeking review of the actions of a court of appeals), La. C.Cr.P. art. 930.8 (which provides a period of limitations for litigating post-conviction claims) and La. C.Cr.P. art. 930.4 (which prohibits consideration of successive post-conviction attacks) would probably be invoked to bar any further direct review or collateral litigation in the Louisiana Courts.

Federal *habeas* review of these "technically" exhausted but now procedurally defaulted claims is barred "...unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750-51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

### Cause and prejudice

In Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we

10

note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." Murray v. Carrier, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

Clearly, the cause of the default herein identified was petitioner's failure to properly advance federal constitutional claims in his application for writs filed in the Louisiana Supreme Court. This failure was clearly not "... an impediment external to the defense..." Thus, petitioner cannot show "cause" for his default.  Further, if a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. Saahir v. Collins, 956 F.2d 115, 118 (5th Cir.1992).

### Miscarriage of Justice

Since petitioner has failed to show "cause and prejudice" for his default, federal review of the "technically exhausted" claims may therefore be had only if necessary to avoid a fundamental miscarriage of justice. Coleman, 501 U.S. at 750, 111 S.Ct. 2546

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in

11

the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); Glover v. Cain, 128 F.3d 900, 904 (5th Cir. 1997). To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime. Corwin v. Johnson, 150 F.3d 467, 473 (5 Cir.1998); Ward v. Cain, 53 F.3d 106, 108 (5 Cir.1995). Thus, the petitioner must make a "colorable showing of factual innocence." Callins v. Johnson, 89 F.3d 210, 213 (5th Cir.), cert. denied, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting McClesky v. Zant, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not shown as a factual matter that he is actually innocent of the crime.  Thus, petitioner has not shown that he will suffer a fundamental miscarriage of justice from this court's failure to consider his current habeas corpus claims. Accordingly, petitioner cannot avoid procedural default of these claims on the grounds of actual innocence.

## 3. Merits of the Claims

In addition, even if the merits of petitioner's claims were considered, dismissal of all claims would be appropriate.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt review and examination of habeas petitions by the court and further states, "If it plainly appears from the face of the petition and any exhibits annexed to

it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Citing <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970), the Advisory Committee Notes following Rule 4 state, "...under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

Petitioner's claims are clearly and manifestly without merit and their dismissal under Rule 4 is appropriate.  Petitioner pled guilty. He does not here attack the voluntariness of his guilty plea or the effectiveness of his trial counsel's representation.[3] Instead, he has alleged that the state did not conduct D.N.A. testing and therefore failed to carry the burden of proof; that the court exceeded its jurisdiction when it convicted him of violating Louisiana's obscenity statute since the acts complained of did not occur in a "public" setting; that his conviction in the Eighth Judicial District amounted to double jeopardy because of his previous adjudication before the prison disciplinary board at WCC; that Louisiana's obscenity statute was unconstitutionally applied to the facts of his case.

---

[3] Indeed, petitioner has provided a transcript of the plea proceedings.[doc. 1-3, Exhibit I] The undersigned has concluded that any attack on the voluntariness of petitioner's plea would be futile. The record clearly establishes that petitioner was advised of his rights and entered an knowing and voluntary plea of guilty.

Since his plea was both knowing and voluntary, the petitioner waived all non-jurisdictional[4] defects in the proceedings.  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir.1983); Beasley v. McCotter, 798 F.2d 116, 118-19 (5th Cir.1986); Norman v. McCotter, 765 F.2d 504, 511 (5th Cir.1985); United States v. Diaz, 733 F.2d 371, 376 n. 2 (5th Cir.1984); Williams v. Wainwright, 604 F.2d 404, 406-07 (5th Cir.1979); United States v. Bell, 457 F.2d 1231, 1234 n. 1 (5th Cir.1972).

Of course, the United States Supreme Court has determined that a guilty plea does not preclude a claimant from asserting a double jeopardy claim. Menna v. New York, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (per curiam). However, the double jeopardy clause does not bar the prosecution of a prisoner after he has been punished for the same conduct in a prison disciplinary proceeding. United States v. Galan, 82 F.3d 639 (5th Cir. 1996).

In short, even if petitioner's claims are considered exhausted, they are manifestly frivolous and without merit. His voluntary guilty plea operated as a waiver of all defects and

---

[4] Petitioner's second claim for relief is framed as follows: "The trial court exceeded its jurisdiction..." [doc. 1-1, p. 5], however, a more thorough review of the pleading filed in the Louisiana Supreme Court reveals that petitioner bases his "jurisdictional" argument on the following allegation: "Appellant asserts that he did not meet the gravamen necessary to consummate the charge of obscenity because [he] was not in a public place... Thus the Parish of Winn did not possess any judicial authority to prosecute [him] for the charge of obscenity..." [doc. 1-3, Exhibit E] Clearly, petitioner's attack is not on the court's jurisdiction but rather on the sufficiency of the evidence or the constitutionality of Louisiana's obscenity statute.

14

claims except the double jeopardy claim and that claim is without a basis in law.

Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because these claims were not fairly presented to the Louisiana Supreme Court on collateral review and while these claims are "technically exhausted" since no state court remedies remain available to the petitioner, the claims are now considered procedurally defaulted; and, alternatively because it plainly appears from the face of the petition and exhibits that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking**

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED in Chambers, Alexandria this 14th day of _____, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

16